# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

Steven Merklein,
   Plaintiff,

   v.         Case No. 17-cv-357

Big Smile Transport, LLC,
Mat Brosamle, and Brian Boland,

   Defendants.

# COMPLAINT

## I. NATURE OF ACTION

101. This is a civil action for unpaid wages and overtime brought pursuant to 29 U.S.C. § 201, et seq., ("FLSA") and Wisconsin law.

## II. JURISDICTION AND VENUE

201. This Court has original jurisdiction of the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

202. This Court has supplemental jurisdiction over the Wisconsin law claim pursuant to 28 U.S.C. § 1367(a) because that claim is so related to the claim under federal law that it forms part of the same case or controversy.

203. The Western District of Wisconsin is the proper venue for this action because the Plaintiff's claim arose within the geographical boundaries of the Western District of Wisconsin within the meaning of 28 U.S.C. § 1391(b) and because all Defendants regularly conduct business within that district.

### III. PARTIES

A. Plaintiff

301. The Plaintiff, Steven Merklein, is an adult resident of Wisconsin.

302. Steven Merklein was employed by the Defendants from 2014 until December 31, 2016 as a truck driver.

B. Defendants

303. Defendant Big Smile Transport, LLC is a Wisconsin limited liability company with the capacity to sue and be sued in this court.

304. On information and belief, Defendant Mat Brosamle is an adult resident of Wisconsin.

305. On information and belief, Defendant Brian Broland is an adult resident of Wisconsin.

306. Each Defendant (collectively "Defendants") is an "employer" within the meaning of 29 U.S.C. § 203(d), (r) and (s), and Wisconsin Stat. §§ 103.001(6), 104.01(3), and 109.01(2).

307. Big Smile Transport, LLC, is a "Covered Enterprise" within the meaning of the FLSA because it has employees who are handling or working on goods or materials that have moved in interstate commerce and because Defendants' gross volume of sales made or business done is not less than $500,000.00.

### IV. ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401. At all times relevant to this action (i.e., during 2014, 2015, and 2016), Defendant Big Smile Transport, LLC operated a trucking company with headquarters at 4769 County Road J in Mount Horeb, WI 53572.

402. Steven Merklein was employed by Defendant Big Smile Transport, LLC, ("Big Smile") as a truck driver in the spring of 2014.

403. He drove Truck 79, a 14-wheel Kenworth Quad Axle Dump Truck, owned by Big Smile.

404. Mr. Merklein was paid on an hourly basis.

405. His rate of pay when he was hired in 2014 was $ 18.00 per hour; in 2015 his wages were raised to $ 19.00 per hour.

406. The work that Big Smile sent him on from May through November of each year involved work for Tricor Transit, Inc.

407. When Big Smile sent Mr. Merklein on jobs for Tricor, the daily routine required him to arrive at the Big Smile depot to pick up the truck.

408. Before driving off, he was required by Big Smile to complete a pre-trip inspection.

409. The pre-trip inspection involved (1) checking the engine, oil, and radiator; (2) doing a visual inspection of the belts; (3) starting the engine to let the truck warm up; (4) individually checking each of the 14 tires; (5) looking under the truck to check for leaks; and (6) checking the lights (which meant climbing into the truck, turning on lights, then climbing down and walking around the truck to make sure each light was in working order)

410. This pre-trip inspection took at least 10 minutes (longer if something was out of order or needed attention).

411. Then Mr. Merklein would drive from the Big Smile depot to the day's pick-up site.

412. The pick-up locations to which he was required to drive varied; the closest to the Big Smile depot were Yahara Materials at Meinholz Pit north of Middleton or Payne & Dolan Asphalt on Verona Road in Fitchburg.

413. The drive from Big Smile to either of those locations took over twenty minutes, longer if there was traffic.

414. There were other pick-up sites, such as those in Waunakee, where the travel time was closer to forty minutes.

415. It was only when he arrived at the Tricor pick-up site that Mr. Merklein was allowed to "sign in" for work.

416. By the time Mr. Merklein signed in for work, he had been working for at least thirty minutes (ten minutes on the pre-trip inspection and twenty minutes or more driving the truck to the pick-up site).

417. He would work throughout the day, and as soon as he had dumped his last load, he was required to sign out.

418. He was only paid for the hours between sign in and sign out times, not for his entire period of working.

419. After signing out, Mr. Merklein had to drive the truck back to Big Smile in Mt. Horeb.

420. Depending on the location where his last load had been dumped and the amount of traffic, this drive could take from twenty to forty minutes minutes.

421. When he arrived at Big Smile, he was required to gas up the truck and conduct the post-trip inspection.

422. This process generally took approximately ten minutes.

423. In all, Steve Merklein was required to work at least one hour each day for which he was not compensated.

424. Mr. Merklein also worked on other projects for Big Smile, usually earlier or later in the season, that did not involve Tricor. On those other jobs, he was paid from the time he began at Big Smile until he finished there, so this wage claim does not encompass those days.

425. Defendants' policy and practice of not paying Steve Merklein minimum wages and overtime for the work that he performed each day before his first pick-up and after dumping his last load was "willful" within the meaning of 29 U.S.C. § 255 (a).

426. Defendant Boland was an employer as he had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of payments, (3) determined the rate and method of payment, and (4) maintained employment records.

427. Defendant Brosamle was an employer as he had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of payments, (3) determined the rate and method of payment, and (4) maintained employment records.

## V. VIOLATIONS OF LAW

501. Defendants violated 29 U.S.C. §§ 206(a) and 207(a) by failing to pay Steven Merklein wages and overtime wages for all hours that he worked.

502. Defendants' violation of 29 U.S.C. §§ 206(a) and 207(a) was willful within the meaning of 29 U.S.C. § 255(a).

503. As a supplemental claim, Defendants failed to pay Steven Merklein for the activities described above at the rate of one and one half times his regular hourly rate of pay for all hours that he was employed in excess of 40 hours in a single week, as required by Wis. Stat. §§ 104.02, 109.03, and Wis. Admin. Code § DWD 274.03.

## VI. DAMAGES

601. As a result of Defendants' failure to pay Steven Merklein for each and every hour worked, and their failure to pay wages at time and a half for each and every hour worked in excess of forty hours per week, Mr. Merklein has sustained lost income.

## VII. CONDITIONS PRECEDENT

701. All conditions precedent to this action, within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## VIII. DEMAND FOR JURY TRIAL

801. Plaintiff hereby demands a trial by jury of all issues triable of right to a jury.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant judgment against Defendants, awarding him:

901. Monetary damages in an amount that will fairly compensate the Plaintiff for his injuries including compensation at his regular hourly rate of pay for unpaid hours of work up to 40 hours per week and at the overtime rate of pay for unpaid hours of work performed in weeks where he worked in excess of 40 hours per week; and

902. An additional amount of liquated damages in an amount equal to the compensation for the unpaid regular and overtime wages as provided by 29 U.S.C. § 216(b); or

903. Alternatively, liquidated damages in the amount equal to 50% of the amount of the unpaid regular and overtime wages pursuant to Wis. Stat. § 109.11(2); and

904. His costs, attorneys' fees, and litigation expenses as well as any further relief that this Court deems just.

Dated this day of 11th day May, 2017.

Respectfully submitted,

Steven Merklein, Plaintiff,

By

THE JEFF SCOTT OLSON LAW FIRM, S. C.
ATTORNEYS FOR PLAINTIFF
JEFF SCOTT OLSON
State Bar Number 1016284
131 West Wilson Street, Suite 1200
Madison, Wisconsin 53703
Phone   (608) 283-6001
Fax     (608) 283-0945
Email   JSOlson@scofflaw.com


   /s/ Jeff Scott Olson
_____
   Jeff Scott Olson